# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HERITAGE HOME GROUP, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 18-11736 (BLS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of HERITAGE HOME GROUP, LLC *et al.*,<br><br>                Plaintiff,<br><br>vs.<br><br>WAYNE INDUSTRIES, INC.<br><br>                Defendant. | Adv. Proc. No. 20-_____ (BLS) |

## COMPLAINT FOR AVOIDANCE AND RECOVERY
## OF PREFERENTIAL TRANSFERS PURSUANT TO §§ 547 AND 550

        Plaintiff, Alfred T. Giuliano in his capacity as chapter 7 trustee of Heritage Home Group, LLC, et al., (the "**Plaintiff**"), for the estates of the above-captioned debtors (the "**Debtors**") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, as and for his *Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 and 550* (the "**Complaint**") against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification numbers, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at 1925 Eastchester Drive, High Point, North Carolina 27265.

7873446 V1

## THE PARTIES

1. On July 29, 2018, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered for administrative purposes only.

2. Each of the Debtors' cases was converted to chapter 7 on March 15, 2019 (the "**Conversion Date**"), and Plaintiff Alfred T. Giuliano, the trustee (the "**Trustee**") was appointed the same date. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

3. Defendant Wayne Industries, Inc. is a corporation formed under the laws of the State of North Carolina with its principal office address at 4107 Cheyenne Drive, Archdale, NC 27263.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that

the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8.    This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

## FACTS

9.    Prior to the Conversion Date, the Debtors offered customers a wide array of home furnishings under several well-known brands, including Thomasville, Broyhill, Lane, Drexel Heritage, Henredon, Pearson, Hickory Chair, Lane Venture, and Maitland-Smith.

10.    Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

11.    During the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "**Transfers**").  Upon information and belief based on the records available to the Trustee at this time, Exhibit A sets forth the details of each of the Transfers, including the check or payment number, payment date, clear date, payment amount, invoice

number, invoice date, and invoice amount. The aggregate amount of the Transfers is not less than $682,610.83.

12. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c). Plaintiff sent an advance demand letter to Defendant inviting an exchange of information regarding any potential defenses, but no additional information was obtained through that process. Based this process and also based on the records and information available to the Trustee at this time, by filing this Complaint, the Trustee has conducted reasonable due diligence in the circumstances of this case to take into account known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c). To the extent necessary, the Trustee reserves the right to amend this Complaint to address this issue.

## FIRST CLAIM FOR RELIEF
### (AVOIDANCE OF PREFERENTIAL TRANSFERS—11 U.S.C. § 547)

13. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

14. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $682,610.83, as more specifically described in Exhibit A.

15. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

16. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

17. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

18. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

19. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

20. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

21. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

22. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**SECOND CLAIM FOR RELIEF**
**(FOR RECOVERY OF PROPERTY -- 11 U.S.C. § 550)**

23. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

24. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

25. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. For a determination that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b. Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

c. For such other and further relief as the Court may deem just and proper.

Dated: July 28, 2020                                FLASTER/GREENBERG, P.C.

*/s/ Damien Nicholas Tancredi*
William J. Burnett (DE Bar No. 4078)
Damien Nicholas Tancredi (DE Bar No. 5395)
1007 North Orange Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919
Email:    william.burnett@flastergreenberg.com
          damien.tancredi@flastergreenberg.com

*Proposed Counsel to Plaintiff, Alfred T. Giuliano, Chapter 7 Trustee for the Estates of Heritage Home Group, LLC, et al.*

## **SERVICE LIST**

Wayne Industries, Inc.
Attn: William D. Connor, R/A
4107 Cheyenne Drive
Archdale, NC 27263